Minute Order Form (rev. 12/90)

# UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

| Name of Assigned Judge or Magistrate Judge | ARLANDER KEYS | Sitting Judge if Other Than Assigned Judge | |
|---|---|---|---|
| Case Number | 99 C 2640 | Date | 12/29/00 |
| Case Title | Shirley A. Lane v. Kenneth S. Apfel | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd-party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [use listing in "MOTION" box above]
(2) ☐ Brief in support of motion due _____
(3) ☐ Answer brief to motion due _____ Reply to answer brief due _____
(4) ☐ Ruling/Hearing on _____ set for _____ at _____
(5) ☐ Status hearing ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____
(6) ☐ Pretrial conf. ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____
(7) ☐ Trial ☐ Set for ☐ re-set for _____ at _____
(8) ☐ Bench Trial ☐ Jury Trial ☐ Hearing held and continued to _____ at _____
(9) ☐ This case is dismissed ☐ without ☐ with prejudice and without costs ☐ by agreement ☐ pursuant to
   ☐ FRCP 4(j) (failure to serve) ☐ General Rule 21 (want of prosecution) ☐ FRCP 41(a)(1) ☐ FRCP 41(a)(2)
(10) ☒ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's Petition for Attorney Fees Under the EAJA (27-1) is denied. AK

(11) ☒ [For further detail see] ☐ order on the reverse of ☒ order attached to the original minute order form.

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | number of notices |
| | No notices required. | | | |
| X | Notices mailed by judge's staff. | | JAN 0 2 2001 | date docketed |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | docketing dpty. initials |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate Judge. | | 12/29/00 | date mailed notice |
| vkd | courtroom deputy's Initials | Date/time received in central Clerk's Office | vkd | mailing dpty. initials |

Document # 30

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| SHIRLEY A. LANE, | ) | Case No. 99 C 2640 |
| Plaintiff, | ) | |
| v. | ) | Magistrate Judge Arlander Keys |
| KENNETH S. APFEL, Commissioner of Social Security | ) | |
| Defendant. | ) | |

DOCKETED JAN 02 2001

## MEMORANDUM OPINION AND ORDER

The Plaintiff, Shirley A. Lane, requests that this Court award her $7,768.13 in attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (West 2000). Because the Court finds that the government's position in this action was substantially justified, and for the reasons set forth below, the Court denies Plaintiff's Motion.

### BACKGROUND

On February 28, 1996, Plaintiff filed an application for Disability Insurance Benefits alleging that she had been disabled since November 27, 1995 on the basis of a bi-polar mania disorder. After Plaintiff's application was denied initially and upon reconsideration, she had a hearing, on March 10, 1997, before Administrative Law Judge ("ALJ") William L. Hafer, who found, on

September 10, 1997, that Plaintiff was not disabled. On February 19, 1999, the Appeals Council denied Plaintiff's request for review, and on April 22, 1999, Plaintiff filed her Complaint for judicial review in the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. § 405(g).

On July 21, 2000, this Court remanded Plaintiff's case back to the Commissioner, maintaining that the ALJ erroneously determined Plaintiff's mental residual functional capacity ("MRFC") by inappropriately substituting his own lay opinion for those of two State agency physicians. On remand, this Court instructed the ALJ, in the event he disagreed with the opinions of the MRFC physicians, to refer Plaintiff for a consultative psychological or psychiatric examination and have the examining physician render an opinion, pursuant to 20 C.F.R. § 404.1519(n)(c)(6)(1999), as to what Plaintiff could still do despite her impairments.

On August 29, 2000, Plaintiff, as the prevailing party, filed the present Motion requesting attorney fees under the EAJA. On September 27, 2000, the government filed its Response to Plaintiff's Petition for Attorney Fees Under the EAJA, maintaining that the government's position was "substantially justified", and accordingly, under the EAJA, Plaintiff's Motion for fees should be

denied.

Before delving into an analysis of whether the government's position was "substantially justified", as required by the EAJA, it is necessary to discuss the arguments asserted by Plaintiff in her Complaint for judicial review, and the basis of this Court's July 21, 2000 decision to remand Plaintiff's case back to the Commissioner.

Plaintiff, essentially, made three arguments in her Complaint: (1) that the ALJ's residual functional capacity ("RFC") determination was not based on substantial evidence, because the ALJ ignored evidence presented by Plaintiff; (2) that the ALJ's opinion contained legal error, because the ALJ rejected the MRFC opinions of both medical professionals, and substituted his own medical opinion in determining whether Plaintiff retained the MRFC to return to her previous line of employment; and (3) that the ALJ's step five determination was not supported by substantial evidence.[1]

---

[1] The Social Security regulations prescribe a sequential five-part test for determining whether a claimant is disabled. See 20 C.F.R § 404.1520 (1999). The ALJ must consider: (1) whether the claimant is presently unemployed; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the claimant's impairments meets or equals any impairment listed in the regulations as being so severe as to

(continued...)

This Court rejected Plaintiff's first argument, finding that the ALJ did not ignore but had, indeed, properly considered Plaintiff's evidence concerning the side effects of her medications, her hallucinations, and her paranoia. While the ALJ rejected Plaintiff's subjective statements as inconsistent with the treatment notes from the Mental Health Center, this Court held that there was substantial evidence to justify the ALJ's RFC determination.

Nonetheless, this Court found merit in Plaintiff's second argument, namely, that the ALJ had improperly substituted his own lay opinion, concerning Plaintiff's MFCR, for those of two medical professionals. Specifically, this Court wrote, "The ALJ's statement, 'had these physicians been given the opportunity to observe the claimant and review the entire record they would likely

---

[1](...continued)
preclude substantial gainful activity; (4) whether the claimant is unable to perform his past relevant work; and (5) whether the claimant is unable to perform any other work existing in significant numbers in the national economy. *Id.* In the case *sub judice*, the ALJ found that, while Plaintiff was unable to perform any past relevant work (step 4), Plaintiff was able to perform work in five job categories that involved simple, routine tasks, and required only a moderate, limited ability to persist at a consistent pace (step 5). This Court remanded the case back to the ALJ because of an error at step 4. (The Court found that Plaintiff's argument concerning step 5 was interrelated with her step 4 argument.)

have agreed with this assessment . . .' is further evidence that the ALJ substituted his own lay opinions for those of mental health professionals." (Memorandum Opinion and Order, July 21, 2000, at 15.)

Significantly, the ALJ's conclusion about Plaintiff's MRFC, that she "often" had difficulties concentrating and maintaining persistence and pace -- a finding that precluded Plaintiff from returning to any past employment (step 4) -- was, actually, *beneficial* to Plaintiff. Indeed, the medical opinions that the ALJ rejected had found Plaintiff to only "seldom" have problems with concentration, persistence and pace. Hence, the ALJ found Plaintiff, at step 4, to be *more* impaired than the medical opinions he summarily rejected. Nonetheless, this Court remanded the case back to the Commissioner, maintaining that the ALJ could not substitute his own lay opinion for those of medical professionals (even when it favors Plaintiff), but instead should have referred Plaintiff for another MRFC opinion, or utilized the expertise of a medical advisor at the hearing.[2]

The critical issue presently before the Court is whether the

---

[2]This Court found Plaintiff's third argument, whether the ALJ's step 5 determination was supported by substantial evidence, to be intertwined with her second argument, and, consequently, could not affirm the ALJ's step 5 determination.

government's (or Commissioner's) position was "substantially justified." As to be explained, the Court finds that it was, despite this Court's remand to the Commissioner for further proceedings.

## ANALYSIS

The EAJA requires the district court to "award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States ..., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The parties do not contest the applicability of Section 2412(d)(1)(A) to this case, or that Plaintiff is the prevailing party for purposes of the EAJA. Thus, the sole question before this Court is whether the government's (or Commissioner's) position in finding Plaintiff not disabled was "substantially justified," despite this Court's remand.

The basic test for determining "substantial justification" is one of reasonableness. *Gotches v. Heckler*, 773 F.2d 108, 110 (7th Cir. 1985). Indeed, the Supreme Court has held that the government's position is "substantially justified" if it is

"justified to a degree that could satisfy a reasonable person," that is, "if it has a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988).

The government must have "a solid though not necessarily correct basis in fact and law" for its position. *McDonald v. Schweiker*, 726 F.2d 311, 316 (7th Cir. 1983). Although the burden of establishing substantial justification for the government's position is on the government, such standard should not be read to raise a presumption that the government's position was not substantially justified merely because it lost the case. *Grand Blvd. Imp. Ass'n v. City of Chicago*, 553 F. Supp. 1154, 1162 (N.D. Ill. 1982). In other words, the government's position need not be correct to be substantially justified. *Underwood*, 496 U.S. at 566, fn 2.

Turning to the merits, the Court finds that the Commissioner's position that Plaintiff was not disabled was substantially justified, because it had a reasonable basis in law and fact, even though this Court, ultimately, remanded the case back to the Commissioner. Significantly, the substantial justification standard is distinct from the standards that govern the review of disability determinations. *Cummings v. Sullivan*, 950 F.2d 492, 498 (7th Cir. 1991). At step 4 of the analysis, the ALJ found that

Plaintiff could not perform any past relevant work. While rejecting the opinion of two medical professionals concerning Plaintiff's MRFC, the ALJ found Plaintiff to be more impaired than the experts had found her, and hence the error in this respect, favored the Plaintiff. (The ALJ found that Plaintiff "often" had deficiencies in concentration, persistence and pace, while the two medical experts found that Plaintiff "seldom" experienced such deficiencies.) The ALJ considered evidence, pertaining to Plaintiff's MRFC, that the two medical experts did not have access to, and concluded that, had the medical professionals seen the additional evidence and reviewed the entire record, they likely would have agreed with his conclusion. This Court remanded the case solely because the ALJ did not have a medical professional review the entire record, or obtain a second opinion regarding Plaintiff's MRFC, but instead just relied on his amateur, lay opinion.

Nonetheless, there was evidence to support the ALJ's decision at step 4 that Plaintiff could not perform any past relevant work. Indeed, this Court did not reverse the Commissioner's decision, but merely remanded it for additional medical evidence. This case is strikingly similar to *Jackson v. Chater*, 94 F.3d 274 (7th Cir. 1996), where the Seventh Circuit affirmed the district court's

determination that, although the case needed to be remanded to the agency for the taking of additional evidence, the government's position that claimant was not disabled was "substantially justified" pursuant to the EAJA. Similarly, here, although the Court remanded the case back to the agency for the taking of additional evidence, the government's position is, nonetheless, substantially justified, because it was reasonable and based on evidence in the record.

Indeed, the regulations provide that ALJs may assess RFCs by considering all relevant evidence -- not just physicians' opinions:

> Residual functional capacity is an assessment based on all of the relevant evidence . . . Observations by your treating or examining physicians or psychologists, your family, neighbors, friends, or other persons, of your limitations, in addition to those observations usually made during formal medical examinations, may also be used. These descriptions and observations, when used, must be considered along with your medical records to enable us to decide to what extent your impairment(s) keeps you from performing particular work activities.

20 C.F.R. § 404.1545(a); see also Diaz v. Chater, 55 F.3d 300, 306 fn. 2 (7th Cir. 1995)(finding that the ALJ need not accept only physicians' opinions when deciding a claimant's RFC, but may also consider non-medical evidence). Here, the ALJ viewed the entire record, encompassing medical and non-medical evidence, and concluded that Plaintiff's MRFC was more disabling than the medical

opinions indicated, because the two medical professionals did not have access to the entire record. While the Court remanded the case because the ALJ rejected, without having a medical professional review the entire record, two medical opinions, the ALJ's decision was reasonable and based on evidence in the record. Again, the ALJ's decision need not be correct to be substantially justified. *See Underwood*, 496 U.S. at 566, fn 2.

Furthermore, in determining whether the Commissioner was "substantially justified," the Court notes that it ruled in favor of the Commissioner on one of the two primary issues that Plaintiff raised in her Complaint. Specifically, the Court found that there was substantial evidence to justify the ALJ's RFC determination when the ALJ rejected Plaintiff's subjective complaints as inconsistent with the medical evidence.

In sum, the Court finds that, of the two main points Plaintiff raised in her Complaint for judicial review, one argument was correct and reasonable (e.g., concerning the RFC), and the other argument was incorrect, but, nevertheless, had a reasonable basis in law and fact (e.g., concerning the MRFC). *See Cummings, supra*, 905 F.2d at 500 (finding that the court needs to make "only one threshold determination for the entire civil action" in determining substantial justification for fees under the EAJA). In the case

*sub judice*, the Court finds that the Commissioner's position, as a whole, was substantially justified.

### CONCLUSION

For the reasons set forth above, the Court finds that the Commissioner's position was substantially justified within the meaning of the EAJA. Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Petition for Attorney Fees Under the EAJA be, and the same hereby is, denied.

Dated: December 29, 2000        ENTER:

*[signature]*

Arlander Keys
United States Magistrate Judge