Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Arlander Keys | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 2640 | **DATE** | 5/15/2001 |
| **CASE TITLE** | Shirley Lane vs. Kenneth Apfel | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   **Plaintiff's motions for relief from judgment pursuant to FRCP 60(b) and 59(e) be, and the same hereby are, denied (#31).**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAY 16 2001 date docketed | 37 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | 5/15/01 | |
| | Copy to judge/magistrate judge. | 01 MAY 15 PM 4:38 | date mailed notice | |
| AC | courtroom deputy's initials | Date/time received in central Clerk's Office | AC mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SHIRLEY A. LANE,

    Plaintiff,

v.

KENNETH S. APFEL,
Commissioner of Social
Security

    Defendant.

Case No. 99 C 2640

Magistrate Judge
Arlander Keys

DOCKETED
MAY 1 6 2001

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff's Motions for Relief From Judgment Pursuant to Federal Rule of Civil Procedure ("FRCP") 60(b) and 59(e) (West 2000). After a *de novo*[1] consideration of Plaintiff's arguments, and for the reasons discussed below, the Court denies Plaintiff's Motions.

---

[1] Although this action is, essentially, before the Court on a motion to reconsider, pursuant to FRCP 59(e), where a party is restricted to merely directing the court's attention to newly discovered material evidence, or to a manifest error of law or fact, because Plaintiff was not given an opportunity to respond, in writing, to Defendant's assertion of "substantial justification" in Plaintiff's original Equal Access to Justice Act ("EAJA") Application, the Court will now give *de novo* consideration to Plaintiff's arguments that Defendant was not "substantially justified" in denying Plaintiff's disability claim under the Social Security Act. Nonetheless, as discussed *infra*, even after *de novo* consideration, Plaintiff's Motions are still denied, and this Court's November 29, 2000 Order denying fees and costs pursuant to the EAJA stands in full.

## STANDARD OF REVIEW: DE NOVO

On August 29, 2000, Plaintiff Shirley A. Lane filed her application for attorney fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, (West 2000)[2]. In her EAJA Application, Plaintiff stated, *inter alia* that, should Defendant argue that it was "substantially justified" in the underlying social security disability case - thereby precluding recovery under the EAJA - Plaintiff would reserve the right to respond to this argument. On September 27, 2000, Defendant did, indeed, assert this argument in its Response to Plaintiff's EAJA Application, but this Court informed Plaintiff that it would not be necessary to respond to Defendant's "substantial justification" argument. On December 29, 2000, this Court ruled in favor of Defendant, finding that there was substantial justification for Defendant's position, and, therefore, denied Plaintiff's EAJA Application.

Plaintiff now asserts that she was, essentially, prejudiced, because this Court denied her EAJA Application without giving her an opportunity to refute Defendant's arguments contending that it

---

[2] Specifically, Plaintiff requested that this Court award her $7,768.13 in attorney fees pursuant to the EAJA.

was substantially justified.[3] Therefore, Plaintiff not only filed a Rule 59(e) Motion to Alter or Amend Judgment (on January 16, 2001), but also a Rule 60(b) Motion for Relief from Judgment (on March 1, 2001), due to the "mistake inherent in denying [her] EAJA Application without affording her the opportunity to be heard on the issue of substantial justification." (Plaintiff's Motion for Relief from Judgment Pursuant to FRCP 60(b), ¶ 1.)

Because Plaintiff feels that she was not given an opportunity to be heard, this Court will now give *de novo* consideration to Plaintiff's arguments contending that Defendant was not substantially justified in denying her claim for social security disability benefits. Nonetheless, even after fully considering Plaintiff's arguments in this respect, the Court still finds that Defendant was, indeed, substantially justified in denying Plaintiff's claim for disability benefits. Accordingly, Plaintiff's EAJA Application is, again, denied.

---

[3] Because EAJA Applications are usually routine, and in the district court's discretion whether to grant them, this Court – as a matter of practice – does not require plaintiffs to respond to the government's assertion of "substantial justification." However, where, as here, Plaintiff feels that she was not given a fair opportunity to be heard on the merits, the Court will give *de novo* consideration to her arguments.

## BACKGROUND

The details concerning Plaintiff's claim for social security disability benefits are fully discussed in this Court's July 21, 2000 Remand Order, and, the Court does not repeat all these facts in this present opinion. Nonetheless, facts that are necessary to address Plaintiff's argument that Defendant was not "substantially justified" are repeated here as follows:

On February 28, 1996, Plaintiff filed an application for Disability Insurance Benefits, alleging that she had been disabled since November 27, 1995 on the basis of a bi-polar mania disorder. After Plaintiff's application was denied initially and upon reconsideration, she had a hearing, on March 10, 1997, before Administrative Law Judge ("ALJ") William L. Hafer, who found, on September 10, 1997, that Plaintiff was not disabled. On February 19, 1999, the Appeals Council denied Plaintiff's request for review, and on April 22, 1999, Plaintiff filed her Complaint for judicial review in the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. § 405(g)(West 2000).

On July 21, 2000, this Court remanded Plaintiff's case back to the Commissioner, finding that the ALJ erroneously determined Plaintiff's mental residual functional capacity ("MRFC") by

inappropriately substituting his own lay opinion for those of two State agency physicians. On remand, this Court instructed the ALJ, in the event he disagreed with the opinions of the state agency physicians, to refer Plaintiff for a consultative psychological or psychiatric examination and have the examining physician render an opinion, pursuant to 20 C.F.R. § 404.1519(n)(c)(6)(West 2001), as to what Plaintiff could still do despite her impairments.

Significantly, - especially, for purposes of the substantial justification analysis - the ALJ's conclusion about Plaintiff's MRFC, that she "often" had difficulties concentrating and maintaining persistence and pace - a finding that precluded Plaintiff from returning to any past employment (step 4)[4] - was,

---

[4] The Social Security regulations prescribe a sequential five-part test for determining whether a claimant is disabled. See 20 C.F.R § 404.1520 (West 2001). The ALJ must consider: (1) whether the claimant is presently unemployed; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the claimant's impairments meets or equals any impairment listed in the regulations as being so severe as to preclude substantial gainful activity; (4) whether the claimant is unable to perform his past relevant work; and (5) whether the claimant is unable to perform any other work existing in significant numbers in the national economy. Id. In the case sub judice, the ALJ found that, while Plaintiff was unable to perform any past relevant work (step 4), Plaintiff was able to perform work in five job categories that involved simple, routine tasks, and required only a moderate, limited ability to persist at a consistent pace (step 5). This Court remanded the case back to the ALJ because of an error at step 4.

actually, *beneficial* to Plaintiff. Indeed, the medical opinions that the ALJ rejected had found Plaintiff to only "seldom" have problems with concentration, persistence and pace. Hence, the ALJ found Plaintiff, at step 4, to be *more* impaired than the medical opinions he summarily rejected. Nonetheless, this Court remanded the case back to the Commissioner, finding that the ALJ could not substitute his own lay opinion for those of medical professionals (even when it favors Plaintiff), but instead should have referred Plaintiff for another MRFC opinion, or utilized the expertise of a medical advisor at the hearing.

Furthermore, in Plaintiff's Complaint - besides arguing that the ALJ had substituted his own medical opinion in determining whether Plaintiff retained the MRFC to return to her previous line of employment - Plaintiff also argued that the ALJ's residual functional capacity ("RFC") determination was not based on substantial evidence, because the ALJ ignored evidence presented by Plaintiff. However, this Court rejected that argument, finding that the ALJ had not ignored this evidence, but had, in fact, properly considered Plaintiff's evidence concerning the side effects of her medications, her hallucinations, and her paranoia. While the ALJ rejected Plaintiff's subjective statements as inconsistent with the treatment notes from the Mental Health

Center, this Court held that there was substantial evidence to justify the ALJ's RFC determination.[5]

## ANALYSIS

The EAJA requires the district court to "award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States ..., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The parties do not contest the applicability of Section 2412(d)(1)(A) to this case, or that Plaintiff is the prevailing party for purposes of the EAJA. Thus, the sole question before this Court is whether Defendant's (or

---

[5] In deciding "substantial justification", Plaintiff argues that this Court should not even consider Plaintiff's unsuccessful argument that there was not substantial evidence to justify the ALJ's RFC determination. According to Plaintiff, the Court should *only* consider the issue upon which the Court granted remand (i.e. that the ALJ erred in determining Plaintiff's MRFC, by substituting his own opinions for those of medical professionals). However, as will be shown *infra*, the law in the Seventh Circuit is clear that Defendant's position encompasses the entire civil action, and not any one individual argument. Therefore, it is entirely proper - in fact, mandated - that the Court consider all arguments, and come to one, overall conclusion regarding substantial justification. Furthermore, as will be explained *infra*, this Court's consideration of all the arguments does not delve into the improper arena of "argument counting."

government's or Commissioner's) position in finding Plaintiff not disabled was "substantially justified," despite this Court's remand.

The basic test for determining "substantial justification" is one of reasonableness. *Gotches v. Heckler*, 773 F.2d 108, 110 (7th Cir. 1985). Indeed, the Supreme Court has held that the government's position is "substantially justified" if it is "justified to a degree that could satisfy a reasonable person," that is, "if it has a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988). The government must have "a solid though not necessarily correct basis in fact and law" for its position. *McDonald v. Schweiker*, 726 F.2d 311, 316 (7th Cir. 1983). Although the burden of establishing substantial justification for the government's position is on the government, such standard should not be read to raise a presumption that the government's position was not substantially justified merely because it lost the case. *Grand Blvd. Imp. Ass'n v. City of Chicago*, 553 F. Supp. 1154, 1162 (N.D. Ill. 1982). In other words, the government's position need not be correct to be substantially justified. *Pierce*, 496 U.S. at 566, fn 2.

In the case *sub judice*, Plaintiff incorrectly argues that, in

deciding substantial justification, the Court should only consider the issue upon which the Court granted remand, and should not consider, or balance, all of the arguments made to the Court. While the Court wholeheartedly agrees with Plaintiff that she should not be penalized, in the EAJA analysis, for advocating "alternative arguments" that ultimately fail, and that the Court should not engage in "argument counting"[6] *per se*, the Court does not agree that this automatically limits the Court's review of Defendant's "position" to the mere issue upon which remand was granted. Despite Plaintiff's assertions to the contrary, such an approach is not consistent with Seventh Circuit precedent.

In *Cummings v. Sullivan*, 950 F.2d 492 (7th Cir. 1991), the

---

[6] Plaintiff argues that this Court engaged in impermissible "argument counting" when it considered all of the arguments (instead of only the one for which remand was granted) made by Plaintiff in the advocacy of her disability claim. While *Mallette v. Sullivan*, No. 87 C. 4873, 1990 WL 19894, at **3-4 (N.D. Ill. Feb. 15, 1990) does counsel against "argument counting" *per se*, *Mallette*, nevertheless, holds - consistent with Seventh Circuit precedent, discussed *infra* - that courts should focus on the litigation as a whole, and not merely apply a mechanical approach of tallying up arguments. Here, although Plaintiff is unwilling to see this, this Court is not tallying up arguments, but, rather is scrutinizing the whole case in its entirety, and concluding - based on the totality of circumstances - that Defendant's overall position, in maintaining that Plaintiff was not disabled, was substantially justified. Although this Court has had to consider individual arguments in order to make one overall assessment, this does not mean the Court is "argument counting."

Seventh Circuit made it explicitly clear that the "position" of the government encompasses the entire civil action - and not any one individual argument:

> In any case, that negligence [issue upon which case was remanded] is but one part of the agency's conduct. We must consider the "position of the United States," which encompasses the government's conduct before the agency and the court, and make "only one threshold determination for the entire action." We find the Council's negligence, in the overall picture, to be a nondeterminative factor.

*Id.* at 500 (citation omitted). Again, in *Jackson v. Chater*, 94 F.3d 274 (7th Cir. 1996), the Seventh Circuit reiterated the same principle, stating that the EAJA requires one substantial justification determination that "encompasses and accommodates the entire civil action."[7] *Id.* at 278. In fact, in *Jackson*, the Seventh Circuit specifically held that "being incorrect on one point does not translate into lacking substantial justification for

---

[7] In her Reply, Plaintiff, surprisingly, argues that *Cummings* and *Jackson* actually support her contention that the Court should only consider the issue upon which the Court granted remand. However, these cases do not stand for such a proposition. While the court in these cases may have found the issue upon which remand was granted to be substantially justified, the court in both *Cummings* and *Jackson* clearly considered the entire litigation, and not just any one single issue, in drawing that conclusion. The language in *Cummings* and *Jackson* does not support - but actually undermines - Plaintiff's assertion that the Court should limit its substantial justification inquiry to the one issue on which remand was granted.

one's litigation position during the entirety of the civil action."[8] *Id.* at 279-80. Clearly, the Seventh Circuit considered lots of "points" if it was able to draw the aforementioned

---

[8] Although the following two cases are unpublished, and, therefore, cannot be cited or used as precedent pursuant to Seventh Circuit Rule 53 (and, in any event, are not needed as precedent because of the law established in *Cummings* and *Jackson*, discussed *supra*), they are worth mentioning in this opinion, because in these cases, the plaintiff articulated the exact same argument that Plaintiff makes in the case at bar, and which the Seventh Circuit explicitly rejected. In *Greer v. Apfel*, 172 F.3d 53, 1998 WL 846849, at * 4 (7th Cir. 1998), the Seventh Circuit stated: "Also, Greer's reliance on the Ninth Circuit's opinion in *Flores v. Shalala*, 49 F.3d 562, 566 (9th Cir. 1995)(holding that the entitlement to fees questions may be resolved 'by considering only the procedural issues on which the district court reversed'), is not controlling in this circuit." Later on, the Seventh Circuit stated that Greer was "incorrect in assuming that the district court could only consider in its substantial justification determination the one issue discussed in the remand order . . ., and *that its consideration of other conduct constitutes 'argument counting.'*" *Id.* (emphasis added). Furthermore, in *Wilder v. Chater*, 106 F.3d 404, 1997 WL 34740, at * 1 (7th Cir. 1997), the Seventh Circuit specifically cited *Jackson* and *Cummings* in rejecting the plaintiff's argument (again citing *Flores v. Shalala*) that the government must be substantially justified in its position with respect to the errors which led to remand. The Seventh Circuit, instead, held: "This circuit . . . has clearly adopted a 'totality of the circumstances' test." *Id.* Again, while *Greer* and *Wilder* are not being cited for their precedential value (although both cases cite *Jackson*, which is precedent), these cases illustrate that the Seventh Circuit has explicitly rejected Plaintiff's exact arguments in the case *sub judice*, and this Court feels that it would be remiss not to bring these cases to Plaintiff's attention, especially because Plaintiff cited the Ninth Circuit case *Flores v. Shalala* in support of her argument.

-11-

conclusion.[9] *See also U.S. v. Hallmark Const. Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000)("[I]t is rare that a single factor will be dispositive of whether the government's position was substantially justified, and the district court's analysis should contain an evaluation of the factual and legal support for the government's position throughout the entire proceeding."); *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 139 (4th Cir. 1993)(interpreting Supreme Court case, *Commissioner, I.N.S. v. Jean*, 496 U.S. 154 (1990), as rejecting "the view that *any* unreasonable position taken by the government in the course of litigation automatically opens the door to an EAJA fee award" and concluding that "when determining whether the government's position in a case is substantially justified, [the court] look[s] beyond the issue on which the petitioner prevailed to determine, from the totality of the circumstances, whether the government acted reasonably in causing the litigation or in taking a stance during the

---

[9] Furthermore, considering all these "points" does not mean that the court was engaging in "argument counting." It would be impossible to consider the government's overall position - as the Seventh Circuit holds is the prevailing law - if the court did not consider the arguments which, necessarily, encompass that position.

litigation.")[10]

In the case *sub judice*, the government's overall position has been that Plaintiff is not disabled as defined by the Social Security Act. At step four of the five-part analysis, the ALJ found that Plaintiff could not perform any past relevant work. While rejecting the opinion of two medical professionals concerning Plaintiff's MRFC, the ALJ found Plaintiff to be *more* impaired than the experts had found her, and hence the error in this respect, favored the Plaintiff. (The ALJ found that Plaintiff "often" had deficiencies in concentration, persistence and pace, while the two medical experts found that Plaintiff "seldom" experienced such deficiencies.) The ALJ considered evidence, pertaining to Plaintiff's MRFC, that the two medical experts did not have access to, and concluded that, had the medical professionals seen the additional evidence and reviewed the entire record, they likely would have agreed with his conclusion. This Court remanded the case solely because the ALJ did not have a medical professional

---

[10] While *Roanoke* is a Fourth Circuit case, and, therefore, only persuasive authority, it is worth noting that courts within the Seventh Circuit have cited *Roanoke*, along with Seventh Circuit cases such as *Jackson*, *supra*, for the principle that courts should look to the totality of circumstances when making an EAJA substantial justification determination. *See, e.g., Sierra Club, Illinois Chapter v. Brown*, No. 96 C 4768, 1999 WL 515496, at * 2 (N.D. Ill. July 13, 1999)(citing *Roanoke*).

review the entire record, or obtain a second opinion regarding Plaintiff's MRFC, but instead just relied on his amateur, lay opinion.

Nonetheless, there was evidence to support the ALJ's decision at step four that Plaintiff could not perform any past relevant work. Indeed, this Court did not reverse the Commissioner's decision, but merely remanded it for additional medical evidence, stating that "upon remand and upon proper development and further consideration, the ALJ might arrive at the same decision." (July 21, 2000 Memorandum Opinion and Order at p. 17.) Furthermore, in assessing the government's overall position, the Court found that there was substantial evidence to justify the ALJ's RFC determination. In sum, the Court finds that, when considering the government's overall position throughout this controversy, there is substantial justification for its position that Plaintiff is not disabled under the Social Security Act.[11]

---

[11] Plaintiff argues that the reason for the remand in this case - that the ALJ substituted his opinion for those of medical professionals - is a violation of clearly established law in social security disability cases. Therefore, according to Plaintiff, this error, essentially, taints the government's position and makes it not substantially justified. However, even if this Court were to only look at this one issue (and not the whole case, in violation of Seventh Circuit precedent), the Court would still find the government's position to be substantially
(continued...)

Significantly, in social security disability cases, there are many instances where a court will remand the case back to the ALJ for further evidence, but still, nonetheless, reject the plaintiff's EAJA petition, finding that the government's overall position was substantially justified, despite the need for remand. For instance, in *Jackson v. Chater, supra*, the Seventh Circuit affirmed the district court's determination that, although the case

---

[11](...continued)
justified. Indeed, the regulations provide that ALJs may assess RFCs by considering all relevant evidence - not just physicians' opinions:

> Residual functional capacity is an assessment based on all of the relevant evidence . . . Observations by your treating or examining physicians or psychologists, your family, neighbors, friends, or other persons, of your limitations, in addition to those observations usually made during formal medical examinations, may also be used. These descriptions and observations, when used, must be considered along with your medical records to enable us to decide to what extent your impairment(s) keeps you from performing particular work activities.

20 C.F.R. § 404.1545(a); *see also Diaz v. Chater*, 55 F.3d 300, 306 fn. 2 (7th Cir. 1995)(finding that the ALJ need not accept only physicians' opinions when deciding a claimant's RFC, but may also consider non-medical evidence). Here, the ALJ viewed the entire record, encompassing medical and non-medical evidence, and concluded that Plaintiff's MRFC was more disabling than the medical opinions indicated, because the two medical professionals did not have access to the entire record. While the Court remanded the case because the ALJ rejected, without having a medical professional review the entire record, two medical opinions, the ALJ's decision was reasonable and based on evidence in the record. Again, the ALJ's decision need not be correct to be substantially justified. *See Pierce*, 496 U.S. at 566, fn 2.

-15-

needed to be remanded to the agency for the taking of additional evidence, the government's position, that claimant was not disabled, was "substantially justified" pursuant to the EAJA.

Similarly, in *Myles v. Apfel*, No. 95 C 3929, 1998 WL 473940 (N.D. Ill. Aug. 3, 1998), the court held that an ALJ's failure to fully articulate his consideration of the evidence and to explain the factual basis for his decision did not require the conclusion that his decision was not substantially justified. Indeed, in *Myles*, the court found that "[a]lthough the ALJ's determination that Myles could perform sedentary work was overturned on remand, this court notes there was evidence in the original record that supported the ALJ's decision to deny Myles' claim." *Id.* at *6. Here, likewise, while the ALJ's MFRC determination was overturned on remand - because he substituted his opinion for those of medical professionals - there was still, nonetheless, ample evidence in the original record to support the ALJ's decision to deny Plaintiff's claim, especially because the ALJ's mistake favored Plaintiff in finding her more impaired, at step four, than the physicians. *See also Capaldo v. Chater*, No. 94 C 4150, 1996 WL 727395, at * 3 (N.D. Ill. Dec. 16, 1996)(finding Commissioner's position to be substantially justified, despite need for remand back to the ALJ to develop a more complete record); *Mostacchio v. Chater*, No. 95 C

0765, 1996 WL 660621, at * 1 (N.D. Ill. Nov. 7, 1996)(same).

Finally, Plaintiff devotes a large part of her Reply to arguing that the policy underlying the EAJA supports her receiving fees and costs in this case, and that attorneys would be discouraged from continuing to represent needy individuals in meritorious cases if the Court denies Plaintiff's EAJA Application. However, Plaintiff ignores the other side of the policy, which is eloquently explained in *Roanoke, supra.*

> Whether the government's "position in the litigation" is substantially justified, . . . focuses, not on the government's success or failure, but on the reasonableness of its position in bringing about or continuing the litigation. *While the EAJA redresses governmental abuse, it was never intended to chill the government's right to litigate or to subject the public fisc to added risk of loss when the government chooses to litigate reasonably substantiated positions*, whether or not the position later turns out to be wrong.

991 F.2d at 139 (emphasis added). In sum, the Court does not find, based on the particular facts of the case *sub judice*, that its decision to deny Plaintiff's EAJA Application will result in indigent individuals not being able to secure counsel. Rather, this case protects the government's ability to zealously advocate its overall position - that Plaintiff is not disabled - without fear that any mistake will automatically deplete the public treasury.

## CONCLUSION

For the reasons set forth above, the Court finds that the Commissioner's position was substantially justified within the meaning of the EAJA. Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motions for Relief From Judgment Pursuant to FRCP 60(b) and 59(e) be, and the same hereby are, DENIED.

Dated: May 15, 2001

ENTER:

Arlander Keys
United States Magistrate Judge